## STANOLIND OIL & GAS CO. v. NEWBY.

No. 27363. Nov. 2, 1937.

Joseph A. Gill, Jr., and Ray B. Fellows, for plaintiff in error.

Geo. C. Crump and H. W. Carver, for defendant in error.

RILEY, J. This is an appeal from a judgment entered in favor of defendant in error in an action for damages to farm land and crops caused by pollution from oil, base sediment and salt water. The parties will be referred to as in the trial court.

Plaintiff is, and was, on and prior to September, 1933, the owner of 40 acres of land, the S. W. ½, S. W. ¼, section 18, township 5 N., range 5 E., located in Pontotoc county.

Defendant was operating an oil and gas lease on the land directly west of plaintiff, from which plaintiff alleged salt water, waste oil, etc., was permitted to escape and flow across plaintiff's land.

There were stated three separate causes of action.

The first cause of action claimed damages in the sum of $1,550 for the destruction of 13 pecan trees, of the alleged value of $100 each, five walnut trees, of the alleged value of $50 each.

The second cause of action was for alleged destruction of the fertility of the soil on about seven acres of plaintiff's land, of the alleged value of $100 per acre. Damage on account thereof was claimed in the sum of $630.

The third cause of action claimed the destruction of a corn crop growing on about five acres of said land, of the alleged value of. $75.

The pollution claimed in the first and second causes of action was alleged to have occurred on or about November 1, 1934. The destruction of the corn was alleged to have occurred on the first day of March, 1934. The evidence, however, all went to an overflow said to have occurred on or about September 1, 1933.

The verdict and judgment was for $800, and defendant appeals.

Defendant in its brief admits that there is evidence sufficient to support a verdict for plaintiff, but contends that the evidence presented at the trial was insufficient to support the amount of damages awarded in the verdict, and that the verdict is contrary to, and in disregard of, the court's instructions.

The contention must be sustained unless we consider that the case was tried below upon the theory that the pleadings and evidence were broad enough to cover consequential damages to plaintiff's land other than the seven acres alleged and proved to have been affected by the deposit of waste oil, salt water, etc., thereon.

The trial court instructed the jury that the first and second causes of action stated in plaintiff's petition were to be treated together as one cause. To this instruction there was no exception, and it will be taken as correct. By this ruling the alleged damages caused by the destruction of growing trees, pecan and walnut, must be taken as damages to the land itself, and, therefore, included with the allegations of the second cause of action.

As applied to the seven acres only, the highest estimate of difference in value of the land made by any witness was $25 per acre, or a total of $175. But evidence was admitted as to the value of the 13 pecan trees (the evidence showed 19) alleged in the petition to have been destroyed. This evidence was admitted without objection, apparently upon the theory that the destruction of the pecan trees constituted a cause of action separate and apart from the destruction of the land. It may have been, and doubtless was, admissible, going to the land itself, considering the trees as a part of the real estate, and the value going to make up the value of the land. But, considering this as a separate item of damages, though contrary to the trial court's instructions, the highest value placed upon all the pecan trees, except one large tree, was $7.50 each. The highest value of the large tree by any witness was $30. Therefore, the most the evidence would justify as to the first and second causes of action was $340.

The most the evidence would justify on the third cause of action, damages to the growing corn, was $50.

Therefore, the most the evidence would justify from any standpoint, not taking into consideration consequential damage to that part of plaintiff's land not affected by the waste oil, salt water, etc., is $390.

But plaintiff contends that the evidence

is sufficient to sustain the verdict because one witness testified that plaintiff's land was worth $50 per acre before the overflow of September 1, 1933, and $25 per acre thereafter. If the witness referred to the land as a whole, that is, the 40 acres, the damage would be $1,000, or $200 more than the verdict. But if he referred only to the seven acres affected by the waste oil and salt water, then the damage would be $175.

The court instructed the jury:

"* * * In determining the amount of damages due to the plaintiff, you will take into consideration the fair cash market value of the seven acres of land, or such portion thereof as you find to have been damaged, if any, prior to the flood complained of, namely, September 1, 1933, or at the time of said flood, and the value of said lands thereafter, and the measure of damages would be the difference between the fair cash market value of the land prior to the injury complained of and the fair cash market value of said land subsequent to such injury."

There was no exception to this instruction.

Plaintiff in the so-called second cause of action in his petition alleged the overflow of March 1, 1934 (Sept. 1, 1933) "deposited oil and salt water upon said land, destroying the fertility of the soil on about seven acres, damaging the plaintiff in the sum of $630."

And the prayer was:

"Wherefore, plaintiff prays that he have judgment for the sum of $630, as damages for the destruction of the land belonging to the plaintiff. * * *"

There was no evidence going to the effect on the value of plaintiff's other land because of the destruction of the soil of the particular seven acres.

We conclude from the record as a whole that the case was tried by plaintiff below upon the theory that he was seeking recovery for damages only as to the seven acres, otherwise plaintiff would certainly have objected to the instruction limiting consideration of the evidence to the seven acres actually affected.

There is no evidence, then, under the theory upon which the case was tried and submitted to the jury, to sustain a verdict in excess of $390, and this gives plaintiff the benefit of the value of the pecan trees as value to the land itself.

If plaintiff will file a remittitur in the sum of $410 within 15 days from this date, the judgment will be affirmed. Otherwise the judgment is reversed and the cause remanded for a new trial.

OSBORN, C. J., and PHELPS, GIBSON, and DAVISON, JJ., concur.